```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
KELLY A. PIZZUTI,

                     Plaintiff,              06-CV-6644

v.                                           DECISION
                                             And ORDER
JO ANNE BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

                     Defendant.
_____
```

INTRODUCTION

Plaintiff, Kelly Pizzuti ("Pizzuti" or "plaintiff") brings this action pursuant to the Social Security Act, codified at 42 U.S.C. § 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, denying her application for Disability Insurance Benefits. Specifically, Puzzuti alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient.

The Commissioner moves for judgment on the pleadings on the grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.  Pizzuti opposes the defendant's motion.

BACKGROUND

On February 19, 2003 plaintiff Kelly Pizzuti, a 27 year old, filed an application for disability insurance benefits claiming that she had become unable to work as a school bus driver as of January 30, 2003 because of anxiety, depression, dysthmymic disorder, asthma and a back disorder. (Tr. 13, 25). The application was denied initially by the State Disability Determination Service. (Tr. 36-41). Plaintiff requested an administrative hearing which was held on September 14, 2004, at which hearing plaintiff was represented by an attorney. (Tr. 13, 204-234).

On the basis of the hearings and the medical record, the ALJ found that although Pizzuti suffered from anxiety, depression, dysthmymic disorder, asthma and a back disorder that caused significant vocationally relevant limitations, she did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. (Tr. 26). The ALJ held that though the plaintiff cannot perform any past relevant work, she can perform other jobs that exist in significant numbers in the national economy and therefore is not disabled. (Tr. 10-27). On January 28, 2005 Pizzuti's appeal of the ALJ's decision to the

Appeals Council was denied, and on March 1, 2005, plaintiff filed this action.

## DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.  Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding that the reviewing court does not try a benefits case de novo).  The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported

by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings.  <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2nd Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate.  <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence judgment on the pleadings is hereby granted for the defendant.

   II. <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record.</u>

The ALJ determined based on the evidence in the record that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff's anxiety, depression, dysthmymic disorder, asthma and a

back disorder caused significant vocationally relevant limitations; that plaintiff's conditions either individually or in combination with her other impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff did not have the capacity to perform her past work, and that plaintiff retained the functional capacity to perform jobs that exist in significant numbers in the national economy including light work activities.  (Tr. 26-27).

The plaintiff claims that the ALJ did not properly incorporate the plaintiff's treating medical source's assessment of the plaintiff's limitations into the ALJ's formulation of the plaintiff's Residual Functioning Capacity.  The medical opinion of a treating physician is afforded controlling weight only if that opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record.  20 C.F.R. § 516.927(d)(2); Schall v. Apfel, 134 F.3d 496, 503 (2nd Cir. 1998).  In Snell v. Apfel, 177 F.3d 128, 133 (2nd Cir. 1999) the Second Circuit held that, "when other substantial evidence in the record conflicts with the treating physician's opinion, that opinion will not be deemed controlling.  And the less consistent that opinion is with the record as a whole, the less weight it will be given."  The task of determining an individual's functional capacity ultimately rests with the Commissioner.  20 C.F.R. § 416.927(e)(1), (2).

The objective medical evidence in this case conflicts with the conclusions of treating physician, Dr. Gary R. Nelson. In a Medical Employability Evaluation for the Erie County Department of Social Services on September 14, 2004, Dr. Nelson concluded that the plaintiff has been "disabled from full-time competitive employment" since January 30, 2003. (Tr. 200). Dr. Nelson also noted that the plaintiff could occasionally carry or lift up to five pounds and could not bend, crawl, climb, reach or use either of her hands for fine manipulation. (Tr. 201). Dr. Nelson's conclusions are not supported by the results of his earlier examinations. After an examination on January 30, 2003 Dr. Nelson noted that the plaintiff had a positive straight leg raising bilaterally at 45 degrees and strength of +5/5 in her left hip flexor, knee, ankle flexion and extension and strength of +4/5 in her right hip flexor, 5/5 in her knee, and +4 to -5/5 in her ankle plantar and dorsiflexion. (Tr. 107). At an examination on March 26, 2003 Dr. Nelson noted that the plaintiff had a positive straight leg raising on the right at 45 degrees and strength of +5/5 in her left hip flexor, knee, ankle flexion and extension and strength of +4/5 in her right hip flexor, knee, and +4/5 to -5/5 in her ankle flexion/extension. (Tr. 102). Dr. Nelson also noted that plaintiff was 100% disabled from her usual job and had a "moderate, partial disability for other types of work." (Tr. 103).

Dr. Nelson also saw the plaintiff on follow-up visits on May 19, 2003 and April 12, 2004.  (Tr. 174).

An MRI conducted at the request of Dr. Nelson on February 29, 2003 revealed limited degeneration of the disc at the L4-L5 and L3-L4 levels and no disc protrusion or evidence of stenosis or abnormal marrow signal.  (Tr. 105).  The vertebral bodies showed normal height and alignment and the L5-S1 level was normal.  Id. At the December 24, 2001 examination Dr. Nelson noted that the plaintiff's low back pain seemed "to be improving now."  (Tr. 114). An EMG was performed on June 25, 2003 that revealed no abnormalities and no evidence of radiculopathy or fibrillations. (Tr. 172).

The treating physician rule does not apply, "when the treating physician's opinion is inconsistent with the other substantial evidence in the record, such as the opinions of other medical experts."  Rivera v. Barnhart, 2005 WL 735936 (S.D.N.Y.); Halloran v. Barnhart, 362 F.3d 28, 32 (2nd Cir. 2004).  At a consultative examination on April 10, 2003 Dr. Christine Holland opined that plaintiff has only "moderate limitations to prolonged lifting, standing, and twisting."  (Tr. 135).  Upon examination, Dr. Holland noted that Pizzuti exhibited full flexion, extension, lateral flexion and full rotary movement bilaterally in her cervical spine, full range of motion in her hips, knees and ankles bilaterally, and

...

strength of 5/5 in her upper and lower extremities. (Tr. 134-35).

Generally, the opinion of a specialist about medical issues relating to his/her area of speciality will be given more weight than the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(d)(2)(ii)(5). In Dr. Nelson's Medical Employability Evaluation for the Erie County Department of Social Services on September 14, 2004, he opined that plaintiff has a poor capacity to follow work rules, relate to coworkers, use judgment, interact with supervisor, function independently, maintain attention/concentration, and to understand, remember and carry out complex job instructions. (Tr. 199, 200). Dr. Nelson noted that plaintiff's capacity to understand, remember and carry out detailed, but not complex work instructions was fair and her ability to understand, remember and carry out simple job instructions was good. (Tr. 200). At a consultative psychiatric examination on April 10, 2003, psychologist Dr. Robert Hill, opined that Pizzuti's attention, concentration and recent and remote memory appeared generally intact. (Tr. 129). Dr. Hill opined that plaintiff could understand simple direction and instructions, perform simple rote tasks, maintain concentration and attention generally, and relate adequately with others. (Tr. 130). Dr. Hill's mental health diagnosis is granted more weight than the opinion of Dr. Nelson because Dr. Hill is a psychologist and

Dr. Nelson is a doctor of osteopathy. 20 C.F.R. § 404.1527(d)(2)(ii)(5).

Dr. Hill found that "[her] thought processes were coherent and goal directed with no evidence of hallucinations, delusions, or paranoia in the evaluation setting. (Tr. 128). After evaluating her overall symptoms, he concluded "that [her] symptoms however do not appear to be so intense as to limit entirely her ability to carrying out vocational capacities." (Tr. 130). Although she was reported as having been diagnosed with bi-polar disorder he concluded "there do not appear to be any significant manic symptoms based upon her current report." (Tr. 130). He concluded that although she will need further psychiatric assessment, that she"…may benefit from some vocational training and rehabilitation." (Tr. 130). He also recommended that she should be encouraged "to enhance her vocational skills pending results of medical examination." (Tr. 130-31).

The plaintiff's claim that her medical impairments result in total disability is not supported by substantial evidence in the record. Nor does the record substantiate her claim of significant mental issues which cause or contribute to a total disability. The extent of her combined medical and mental disability, as found by the ALJ, does not rise to the level required by the Social Security regulations to support a claim of total disability within the meaning of the Act. Dr. Nelson (an osteopathic physician) is the sole medical opinion supporting Pizzuti's claim of disability.

Pizzuti's claim of mental impairment is not supported by any psychiatric evidence in the record. Accordingly, there is substantial evidence in the record to support the ALJ's finding that the plaintiff is not disabled.

## CONCLUSION

For the reasons set forth above, I grant Defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         January 8, 2007